GP

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY, CAMDEN COUNTY

| | | |
|---|---|---|
| Dwight David Bell | ) | CIVIL ACTION |
| Petitioner | ) | |
| V. | ) | No. **14 2428** |
| | ) | |
| State Of New Jersey | ) | |
| Respondent | ) | |

## PETITION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. SECTION 2254

Presently before this Honorable Court is a pro se petition for writ of habeas corpus filed, pursuant to 28 U.S.C. section 2254. Petitioner is currently free after completing a state sentence for a conviction of " Aggravated Sexual Assault." For the reasons which follow, it is requested of this Court to ***ASSUME JURISDICTION*** since the Public Defender's Office of New Jersey informed petitioner (in writing) that there is no remedy, at law, in the State of New Jersey to request removal from the sex offender registry despite the change in the law by the United States Supreme Court, permitting "pre-Act sex offenders' names to be removed from the sex offender registry."

## BACKGROUND

## State Court Proceedings.

The facts, taken from the record (in pertinent parts) are recited below, as the facts necessary to aide the Court in the disposition of this case.

Pursuant to a negotiated plea to aggravated sexual assault, petitioner was sentenced to a flat 10 years in prison. That sentenced expired on "04/-01/04".

In a letter to the sentencing judge dated "September 14, 1998" (see Exhibit A attached) the state of New Jersey informed the Court that Petitioner's "case does not fall within the purview of the (Sex Offender Statute, N.J.S. 2C:47-1 et. al.)… therefore the case is returned to the Court for sentencing under **2C:47-3d.**"

The sentencing Court ignored the Commissioner and sentenced petitioner to an additional **Community Service for Life** (pursuant to the rejected Statute cited above) to commence after the completion of the 10 year prison sentence.

New Jersey replaced the former **Megan's Law** with the **Adam Walsh Act** of 2006, bringing the State in "strict compliance" with the Act, thus, qualifying New Jersey for the Adam Walsh Act (AWA) grant program appropriated by the Edward J. Byrne Justice Assistance Grant Program (AJG).

After replacing **Megan's Law** with the **Adam Walsh Act** (*without providing a saving clause in the statute*), New Jersey's Attorney General reclassified Petitioner as a **"Tier III"** offender under the **Adam Walsh Act**. The reclassification subjected Petitioner to an increased obligation to register – specifically, every 90 days for life, in violation of the **separation of powers doctrine**, because it would allow the executive branch to review or overrule a decision made by the judicial branch.

Then, on **January 23, 2012**, the United States Supreme Court, in a 7-2 decision, struck down a ruling by the 3rd Circuit Court of Appeals that permitted

registration of **"Pre-Act"** sex offenders. The verbatim language of the 7 – 2 majority reads:

> "In our view, these provisions, read together, mean, that the Act's Registration requirements do not apply to pre-Act offenders until the Attorney General specifies that they do apply. We reverse a Court of Appeals determination that, in effect, holds the contrary." Reynolds v. United States, 132 S. Ct. 975 (January 23, 2012).

## Motion For Relief Based On *Reynolds* - Motion Lost By The Clerk Of Court

In September of 2013, Petitioner prepared and mailed a copy of a **MOTION TO BE REMOVED FROM THE SEX OFFENDER REGISTRATION LIST PURSUNAT TO THE *REYNOLDS* DECISION,** with Proof of Service, to the Camden County Clerk of Court – Criminal Trial Division. After months of silence, and no opposition from the prosecution, petitioner filed a **MOTION FOR JUDGMENT ON THE PLEADING** (by Certified Mail – **signed** by the Clerk of Criminal Court –(see Exhibit B attached hereto). That Motion was also *lost or misplaced*, but never filed by the Clerk of Court.

## LETTER COMPLAINING THAT ACCESS TO THE COURTS IS BEING DENIED BY THE CLERKS' OFFICE.

Petitioner's complaint found its way into the hands of the Honorable Federick J. Schuck's Law Clerk (see Exhibit C attached hereto) and then into the

hands of Honorable Judge Blue (after Petitioner submitted proof – from the Docket Entries- that his Motions were *never filed*). Petitioner sent a new set of the original Motions to Judge Blue and she referred the matter to the New Jersey Public Defender's Office.

## NEW JERSEY STATUTE (N.J.S.A. 2C:7-2 g,) PREVENTS ANY CHALLENGE TO CONSTITUTIONAL VIOLATIONS BY SEX OFFENDERS NO MATTER THE CHANGE IN THE LAW BY THE UNITED STATES SUPREME COURT.

The New Jersey Public Defender's office refused to represent Petitioner's request (see Exhibit D attached hereto) to be removed from the sex offender registry. Petitioner's request was based upon the change in the law announced by the 7 – 2 *REYNOLDS* Court.

### CONCLUSION:

For the reasons set forth above, this Court should assume jurisdiction and grant Petitioner's request for writ of habeas corpus.

### PROOF OF SERVICE:

New Jersey's Attorney General – Certified Mail – Return Receipt Requested
Dated: April 23, 2014.

Respectfully submitted,

*[signature: Dwight D. Bell]*

DWIGHT D. BELL, pro se
2326 Truesdale Road
Wilmington, N C. 28405
(910) 473 1780
Fax: (910) 769-2252

4-23-2014

Exhibit A



CONFIDENTIAL

## State of New Jersey
DEPARTMENT OF CORRECTIONS

**CHRISTINE TODD WHITMAN**
*Governor*
In Reply respond to:

☑ ADULT DIAGNOSTIC AND
TREATMENT CENTER
8 Production Way, PO Box 190
Avenel NJ 07001

☐ ALBERT C WAGNER
YOUTH CORRECTIONAL FACILITY
Ward Avenue PO Box 500
Bordentown NJ 08505

☐ BAYSIDE STATE PRISON
Route 47 Delsea Drive
Leesburg NJ 08327

☐ EAST JERSEY STATE PRISON
Lock Box R
Rahway NJ 07065

☐ EDNA MAHAN CORRECTIONAL
FACILITY FOR WOMEN
30 County Road 513
PO Box 4004
Clinton NJ 08809

☐ GARDEN STATE CORRECTIONAL FACILITY
PO Box 11401
Yardville NJ 08620

☐ STABILIZATION & REINTEGRATION PROGRAM
Bootcamp, Route 72
New Lisbon NJ 08064

☐ MID-STATE CORRECTIONAL FACILITY
PO Box 866
Wrightstown NJ 08662

☐ MOUNTAINVIEW YOUTH
CORRECTIONAL FACILITY
PO Box 994
Annandale NJ 08801

☐ NEW JERSEY STATE PRISON
PO Box 861
Trenton NJ 08625

☐ CENTRAL RECEPTION AND
ASSIGNMENT FACILITY
PO Box 7450
West Trenton, NJ 08628

☐ NORTHERN STATE PRISON
Frontage Road PO Box 2300
Newark NJ 07114

☐ RIVERFRONT STATE PRISON
Delaware & Elm Street PO Box 9104
Camden NJ 08101

☐ SOUTHERN STATE CORRECTIONAL
FACILITY
PO Box 150
Delmont NJ 08314

☐ SOUTH WOODS STATE PRISON
215 Burlington Road South
PO Box 6000
Bridgeton NJ 08302-6000

**JACK TERHUNE**
*Commissioner*

September 14, 1998

The Honorable Linda G. Rosenzweig, J.S.C.
Camden County Hall of Justice
101 So. 5th Street
Camden, NJ 08103-4001

Re: BELL, Dwight    S24,026
    Indictment No. 97-12-03644-I

Dear Judge Rosenzweig:

The above named individual was evaluated on 8-12-98 in accordance with the Sex Offender Statutes, N.J.S. 2C:47-1 et. al.

### RESULT OF EXAMINATION

This case does not fall within the purview of the aforementioned Statute; therefore, the case is returned to the Court for sentencing under 2C:47-3d.

In every case in which the offender is convicted of one or more of the offenses enumerated in N.J.S. 2C:47-1, the Court should be cognizant of the Supreme Court of New Jersey rulings in State vs. Horne, 56 N.J. 372 (1970) and State vs. Wingler, 25 N.J. 161 (1957). These cases relate to the evaluation prepared by this facility.

Very truly yours,

JACK TERHUNE
COMMISSIONER

WILLIAM F. PLANTIER
ADMINISTRATOR

JT:WFP:sk
Enclosure
cc: Probation Department

*New Jersey Is An Equal Opportunity Employer • Printed on Recycled and Recyclable Paper*

Exhibit B

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7001 2510 0004 9731 1171

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To: Office of The Clerk
Street, Apt. No.; or PO Box No.: 101 S. 5th St.
City, State, ZIP+4: Camden, New Jersey 08103

PS Form 3800, January 2001 — See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
   Office Of The Clerk
   Camden County Hall of Justice
   101 S. 5th St.
   Camden, New Jersey
   08103-4001

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _[signature]_
☐ Agent
☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from Item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label): 7001 2510 0004 9731 1171

PS Form 3811, February 2004 — Domestic Return Receipt — 102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Dwight D. Bell
2326 Truesdale Rd
Wilmington, NC 28405



Exhibit C

## Superior Court of New Jersey
## Camden Vicinage

Chambers of
FREDERICK J. SCHUCK
Judge



Camden County Hall of Justice
101 S. Fifth Street, Suite 440
Camden, New Jersey 08103
(856) 379-2380

February 25, 2014

Dwight D. Bell
2326 Truesdale Road
Wilmington, NC 28405

**Re: State v. Dwight D. Bell**
**Indictment No.: 3644-12-97**

Dear Mr. Bell:

    We have received your letter of January 16, 2014 regarding your Motion as to your Megan's Law obligations.

    Following your initial letter on this subject, we conferred with the chambers of Judge Gwendolyn Blue, who handles such matters, and provided to them a copy of your Motion which they said they would handle.

    By copy of this letter we are providing to Judge Blue's chambers a copy of your latest letter for their further attention. I am also copying Seth Belson, Esq. of the Public Defender's Office for his information.

    Your kind attention is appreciated.

Very truly yours,

Eleanor Hoechst, Esq. Law Clerk to
the Honorable Frederick J. Schuck, J.S.C.

Enclosure
Cc: The Honorable Gwendolyn Blue
Cc: Seth Belson, Esq.




Exhibit D

| | | |
|---|---|---|
| **CHRIS CHRISTIE**<br>*Governor*<br><br>**KIM GUADAGNO**<br>*Lt. Governor* | *State of New Jersey*<br>**Office of the Public Defender**<br>**Special Hearings Unit**<br>MICHAEL Z. BUNCHER, *Chief Counsel*<br>20 E. Clementon Road, Suite 301 North<br>Gibbsboro, New Jersey 08026<br>(856) 346-8060   Fax: (856) 346-8064<br>Seth R. Belson, *Assistant Deputy Public Defender I* | **JOSEPH E. KRAKORA**<br>*Public Defender* |

March 7, 2014

Mr. Dwight D. Bell
2326 Truesdale Road
Wilmington, NC 28405

**Re:   In the matter of Dwight D. Bell**
        **Indictment No. 3644-12-97**

Dear Mr. Bell:

Please be advised that Judge Blue's Chambers has sent me a copy of your moving papers. If I understand your request, you appear to be seeking removal from the requirements of Megan's Law in New Jersey. This letter is in response to that inquiry.

Upon review of your file, I regret to inform you that it is my professional opinion that you are not eligible for removal from the registry at any time based on present law. This conclusion is based upon records held by our office indicating that you were convicted of a crime that precludes removal and that you were 14 years or older when the sexual component occurred. Under current New Jersey law N.J.S.A. 2C:7-2(g), those persons convicted of specific sexual crimes are not eligible to make application to the Superior Court to terminate their registration obligation-ever.

Specifically, our records indicate on September 25, 1998 you were sentenced to 10 Years N.J.S.P. for the crime of Aggravated Sexual Assault, N.J.S.A. 2C:14-2(a) (1).

The applicable statute for removal, N.J.S.A. 2C:7-2(f) & (g) says:

f. Except as provided in subsection g. of this section, a person required to register under this act may make application to the Superior Court of this State to terminate the obligation upon proof that the person has not committed an offense **within 15 years following conviction or release from a correctional facility for any term of imprisonment imposed, whichever is later,** and is not likely to pose a threat to the safety of others.

g. A person required to register under this section who has been convicted of, adjudicated delinquent, or acquitted by reason of insanity for more than one sex offense as defined in subsection b. of this section or who has been **convicted of**, adjudicated delinquent, or acquitted by reason of insanity for **aggravated sexual assault pursuant to subsection a. of N.J.S.2C:14-2** or sexual assault pursuant to paragraph (1) of subsection c. of N.J.S.2C:14-2 is **not eligible under subsection f. of this section to make application to the Superior Court of this State to terminate the registration obligation.**

It should also be noted, that even if you had been found guilty of a crime permitting removal, you are premature to request removal, as it has not been more than fifteen years since release from prison.

I am sorry to have to tell you this information. It is my opinion that under present law, you will have to register for the balance of your life.

Since you are presently living in another state, I am at this time unable to assist you with any legal matters pertaining to your Megan's law Status in New Jersey.

If you have any questions regarding the accuracy of the documents, or our interpretation of the law, feel free to contact our office. I enclose copies of the paperwork for which I based my legal conclusion. If you feel that our records are inaccurate, and you have documentation to support your claim, please contact our office as soon as possible so that we may reconsider your eligibility based on a change of factual circumstances. At this time, I am declining to represent you as there is no legitimate legal basis upon which I can ethically make a motion.

Respectfully,

Seth R. Belson, Esquire
Assistant Deputy Public Defender I

SRB:lc
cc: Michael Z. Buncher, Chief Counsel
    Hon. Gwendolyn Blue, J.S.C.
    Hon. Frederick L. Schuck, J.S.C.
    Matthew Spence, Asst. Prosecutor

```
CASE NUMBER    : 97005782                                          DEF SEQ NO: 001
DEFENDANT NAME: BELL              DWIGHT                    SENTENCE SEQ NO: 001
CHARGING DOC   : INDICTMENT                      CDR NO:                  0000
CHARGE COUNT   : 001   STATUTE : 2C:14-2A(1)     IND/ACC NO : 97-12-03644-I
STATUTE        : AGG SEX ASSLT-<13 YRS.
STATUTE DEG    : DEGREE NOT ASSIGNED      SENTENCE CONT : AGGREGATE SENTENCE
SENTENCE DISP  : INCARCER GENERAL    JAIL DAYS: 0396  INCAR LENGTH: 010Y00M000
PLACE SENTENCE : CARE COMMISS/CORR      GAP: 0000  PRIOR SVC: 0000 ROSADO: 000
PAROLE INELIG  : 00Y00M000    PAROLE SUPERVISION: 00Y00M000   CSL/PSL    :
PROBATION TIME : 00Y00M              COMM SERV HR: 0000       LICENSE SUSP : 000
PC ACTION      :
SENTENCE DATE  : 09 25 1998
JUDGE          : ROSENZWEIG           LINDA     G    DNA ORDERED :
-------------------------------FEES AND FINES-----------------------------------
SNSF :      75.00   LETF :     30.00   VCCA :      50.00
LAB  :              DESI :                  :                     :
     :                   :                  :                     :
     :                   :                  :                     :
     COMMENTS :
PG906544 NO MORE SENTENCE RECORDS FOUND
   PF7-PRIOR   PF8-NEXT   PF9-PRIOR FEES   PF10-ADDL FEES
```

**WESTERN UNION MONEY ORDER**

WESTERN UNION FINANCIAL SERVICES INC. - ISSUER
Englewood, Colorado

Payable at Wells Fargo Bank Grand Junction - Downtown, N.A., Grand Junction, Colorado

14-872968312

$ 5.00

PAY EXACTLY  FIVE DOLLARS AND NO CENTS

PAY TO THE ORDER OF: Clerk of U.S. District Court

PAYMENT FOR/ACCT. #

2326 Truesdale Rd.
Wilmington, NC 28405

Dwight D. Bell

⑇1021004001⑇ 4014872968312⑇