IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DWIGHT DAVID BELL, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | Civil Action |
| v. | No. 14-4047 (JBS/KMW) |
| STATE OF NEW JERSEY, | **MEMORANDUM OPINION** |
| Respondent. | |

**SIMANDLE, Chief Judge:**

In this habeas corpus action pursuant to 28 U.S.C. § 2254, pro se Petitioner Dwight David Bell (hereinafter, the "Petitioner") asserts that the State of New Jersey's registration requirement for sexual offenders violates his constitutional rights. (Pet'r's Pet. [Docket Item 1], 1-4.) In light of the fact that the state purportedly provides "no remedy[] at law" to request removal from the sex offender registry, Petitioner urges this federal court to exempt him from such requirement. (Id. at 1, 4.)

Rule 4 of the Rules Governing Section 2254 Proceedings requires the Court to "promptly examine" habeas petitions, in order to determine whether "the petition and any attached exhibits" demonstrate an entitlement to relief. Rule 4, Rules Governing Section 2254 Cases. The Court must summarily dismiss any petition that fails to so demonstrate. Id.; see also

McFarland v. Scott, 512 U.S. 849, 856 (1994) (noting that "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face") (citing Rule 4 of the Rules Governing Section 2254 Proceedings). For the reasons that follow, Petitioner's section 2254 Petition will be dismissed for lack of subject matter jurisdiction. The Court finds as follows:

    1. On September 25, 1998, the Superior Court of New Jersey sentenced Petitioner to ten years of confinement for the crime of aggravated sexual assault. (Ex. D to Pet'r's Pet.) In light of Petitioner's conviction for commission of a sexual offense, the State of New Jersey's "Megan's Law," N.J.S.A. § 2C:7-2, required Petitioner to, among other things, register as a sex offender with certain law enforcement agencies. In the pending Petition, he urges the Court to "assume jurisdiction" over his Petition, and to terminate his state registration obligation in light of a "change in the law" purportedly derived from a decision of the United States Supreme Court. (Pet'r's Pet. at 1-2, 4.)

    2. A federal district court has jurisdiction to entertain a habeas petition under 28 U.S.C. § 2254(a) "'only if [the petitioner] is in custody in violation of the constitution or federal law.'" Leyva v. Williams, 504 F.3d 357, 362 (3d Cir. 2007) (citations omitted and emphasis added); see also Felker v.

2

Turpin, 518 U.S. 651, 662 (1996) ("Our authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'") (citation omitted).  Here, Petitioner concedes that the State of New Jersey released him from custody on April 1, 2004.  (Pet'r's Pet. at 1-2 ("Petitioner is currently free after completing a state sentence for conviction of "Aggravated Sexual Assault.").)  Though "'custody extends beyond physical confinement," courts generally consider post-release habeas petitions moot, unless the petitioner can show some "'significant restraint'" on liberty.  Leyva, 504 F.3d at 363 (quoting Jones v. Cunningham, 371 U.S. 236, 242 (1963)).  Collateral consequences of conviction—like, for example, the inability "to vote, engage in certain businesses, hold public office, or serve as a juror"— however, generally fail to satisfy the "in custody" requirement for habeas jurisdiction.  Maleng v. Cook, 490 U.S. 488, 491-92 (1989) (citing Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968)).

    3.    Consequently, the Court must consider whether the State of New Jersey's continuing registration requirement places Petitioner "in custody" within the confines of 28 U.S.C. § 2254.  Though the Court of Appeals for the Third Circuit has not yet addressed whether such requirement suffices for purposes of 28

U.S.C. § 2254, every federal circuit court to have addressed this question has found the registration requirements for sexual offenders insufficient to satisfy the "in custody" requirement. See, e.g., Wilson v. Flaherty, 689 F.3d 332, 336-39 (4th Cir. 2012) (finding the sex offender registration statutes in Virginia and Texas failed to render the petitioner's "in custody" for the purposes of 28 U.S.C. § 2254); Virsnieks v. Smith, 521 F.3d 707, 717-19 (7th Cir. 2008) (noting that courts have "uniformly" rejected the argument that "registration under a sexual offender statute is cognizable in habeas"); Leslie v. Randall, 296 F.3d 518, 522-23 (6th Cir. 2002) (finding Ohio's sex offender registration statute insufficient to satisfy the "in custody" requirement of 28 U.S.C. § 2254); McNab v. Kok, 170 F.3d 1246, 1247 (9th Cir. 1999) (dismissing a habeas petition after concluding that Oregon's sex-offender statute does not place an offender "in custody" for purposes of 28 U.S.C. § 2254); Henry v. Lungren, 164 F.3d 1240 (9th Cir. 1999) (same with respect to California's statute).

    4.    In this action, the Petition only challenges the requirement that Petitioner register as a sex offender. (Pet'r's Pet. at 1-4.)  The weight of authority, however, dictates that the requirement of registration under the State of New Jersey's "Megan's Law" does not meet the "in custody" requirement of federal habeas relief.  See Bankoff v. Pa., No.

4

09-2042, 2010 WL 396096, at *4-*5 (finding that Megan's Law registration does not suffice for purposes of 28 U.S.C. § 2254); Gargiulo v. Hayman, No. 09-0775, 2009 WL 1346620, *3 (D.N.J. May 13, 2009) (same); Shakir v. State of N.J., No. 05-2980, 2006 WL 126437, *2 (D.N.J. Jan. 17, 2006) (same). The Court finds such authority persuasive and, accordingly, concludes that the Petition does not satisfy the "in custody" requirement of 28 U.S.C. § 2254. The Petition will therefore be dismissed for lack of jurisdiction.[1]

5. The Court will also deny a certificate of appealability. Upon entry of a final order adverse to the petitioner, the Court must issue or deny a certificate of appealability. See Rule 11(a) of the Rules Governing Section 2254 Proceedings. Such certificate may issue, however, only where a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[1] In that regard, the Court rejects Petitioner's argument that Reynolds v. U.S., 132 S.Ct. 975 (2012) constitutes an applicable change in the law. (Pet'r's Pet. at 4.) Rather, in Reynolds, the Supreme Court considered whether the newly-enacted federal Sex Offender Registration and Notification Act, 42 U.S.C. §§ 16901-16929 (hereinafter, "SORNA") required registration of pre-enactment sexual offenders. Reynolds, 132 S.Ct. at 980. The Supreme Court's conclusion that SORNA's "registration requirements [did] not apply to pre-Act offenders until the Attorney General so specifies" therefore concerns only the newly-enacted federal registration legislation, not the state analogue implicated in this action, and Petitioner has proffered no basis to find Reynolds instructive in this instance. Id. at 984. Nor does Reynolds otherwise cast doubt on the Court's conclusion herein.

Consequently, a petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted).  In this case, the Court concludes that no reasonable jurists would debate the Court's conclusion that the Petition fails to state a cognizable claim for habeas relief.  See Obado v. N.J., 328 F.3d 716, 717 (3d Cir. 2003) (citation omitted).  Consequently, no certificate of appealability will issue.

    6.    An accompanying Order will be entered.


 **December 15, 2014**                   **s/ Jerome B. Simandle**
Date                                JEROME B. SIMANDLE
                                       Chief U.S. District Judge